UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAUWALDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. ATHERTON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00523-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**<br><br>(Doc. 20)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Daniel Dauwalder is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.   INTRODUCTION

On January 21, 2025, Plaintiff filed a document titled "An Injunctive Request for Cease of Retaliation and Interference in Due Process by Prison Officials in California Correctional Institute & Identify and Charge Culprits." (Doc. 20.) The Court construes Plaintiff's filing to be a motion for injunctive relief and will recommend that it be denied.

### II.   DISCUSSION

*Plaintiff's Request*

Plaintiff alleges his incoming mail from this Court and from defense counsel has been "pre-opened and re-taped closed" before he receives it. (Doc. 20 at 1-2.) Plaintiff states he is

"sending a brief to the Attorney General to show cooperation efforts towards maintaining a professional integrity of this process" and advises he is "easily available" by phone. (*Id.* at 2.) Plaintiff states he has consistently exercised his "right to grievance through the administrative remedy w/no resolve," and "CCI staff" continue to violate his rights by opening confidential correspondence outside his presence. (*Id.*) He has "saved all tampered envelopes accompanied w/documentation through both body-cam footage and 602 process." (*Id.*) Plaintiff contends that "CCI" attempted to transfer him to the California Substance Abuse Treatment Facility on January 3, 2025, "where the C/Os who are involved in this lawsuit are employed." (*Id.* at 3.) He states that during the attempted transfer "staff attempted" to do so "w/o any of [his] legal paperwork from this case," and he advised them they were denying his "fluid access to the courts." (*Id.*) Plaintiff states he refused to be transferred because "there was no extraction order." (*Id.* at 4.)

### *The Applicable Legal Standards*

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

1  of the Federal right, and is the least intrusive means necessary to correct the violation of the
2  Federal right." *See also Miller v. French*, 530 U.S. 327, 333 (2000) (the PLRA "establishes
3  standards for the entry and termination of prospective relief in civil actions challenging conditions
4  at prison facilities").

5  Furthermore, the pendency of this action does not give the Court jurisdiction over prison
6  officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009*); Mayfield v.
7  United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
8  in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555
9  U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

10 A "federal court may issue an injunction [only] if it has personal jurisdiction over the
11 parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of
12 persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n
13 injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .
14 and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible
15 breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting
16 *Zepeda*, 753 F.2d at 727, 728 n.1).

17 *Analysis*

18 The lack of personal jurisdiction is fatal to Plaintiff's request for injunctive relief. This
19 action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants
20 Atherton and Perez, and deliberate indifference to serious medical needs claims against Davydov
21 and Garmendia. (*See* Doc. 11.) Those Defendants are employed at the California Substance
22 Abuse Treatment Facility (SATF) in Corcoran, California (Doc. 12) and answered Plaintiff's
23 complaint on January 31, 2025 (Doc. 21). Accordingly, this Court has personal jurisdiction over
24 Defendants Atherton, Davydov, Garmendia, and Perez. *Zepeda,* 753 F.2d at 727. However, the
25 Court does not have personal jurisdiction over any individual at Plaintiff's current facility, the
26 California Correctional Institution (CCI) in Tehachapi, California. *Summers*, 555 U.S. at 491-93.
27 Here, subject matter jurisdiction also precludes relief.

28 As noted above, this action proceeds on Plaintiff's Eighth Amendment excessive force

3

1  and deliberate indifference to serious medical needs claims against SATF officials *only*. This case
2  does not involve any First Amendment access to courts, legal mail, or retaliation claims involving
3  those officials. The Court's jurisdiction is limited to the viable legal claims upon which this action
4  is proceeding: Eighth Amendment excessive force and deliberate indifference to serious medical
5  needs. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.  To the extent Plaintiff wishes to
6  assert First Amendment violations concerning his constitutional rights under the First
7  Amendment against officials at CCI, he must assert those claims in a new lawsuit. *See* Fed. R.
8  Civ. P. 20. They will not be heard in this action.
9      In sum, Plaintiff is not entitled to the injunctive relief he seeks.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court **HEREBY RECOMMENDS** that Plaintiff's request for injunctive relief (Doc. 20) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 8, 2025**                            /s/ *Sheila K. Oberto*

4

UNITED STATES MAGISTRATE JUDGE

5