1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        EASTERN DISTRICT OF CALIFORNIA
10
11   DANIEL DAUWALDER,                    Case No.: 1:24-cv-00523-JLT-SKO
12              Plaintiff,                **ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE**
13         v.                             (Doc. 32)
14   J. ATHERTON, et al.,
15              Defendants.
16

Plaintiff Daniel Dauwalder is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983. The action proceeds on Plaintiff's Eighth Amendment claims: excessive force against Defendants Atherton and Perez and deliberate indifference to serious medical needs against Defendants Davydov and Garmendia.

**I.   INTRODUCTION**

On October 6, 2025, Plaintiff filed a motion to compel further responses as to his first sets of requests for production of documents, requests for admissions, and interrogatories. (Doc. 32.) Defendants opposed the motion. (Doc. 40.)

**II.   DISCUSSION**

Plaintiff's motion is facially deficient. Under the Federal Rules of Civil Procedure and local rules of this Court, a party must (1) "include a copy of the discovery propounded and the response to it," (Doc. 2 at 4), and (2) must be accompanied by "a certification that the movant has in good

faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action," Fed. R. Civ. P. 37(a)(1). *See also* Local Rule 251(b); (Doc. 2 at 4–5 (appraising the parties of the requirement to attach a copy of the discovery propounded and the response to it, as well as the meet and confer requirement)). Plaintiff has failed to comply with either requirement. Because Plaintiff failed to (1) attach copies of his discovery requests and associated responses and (2) comply with the meet and confer requirement before filing his motion to compel, the motion is facially deficient, and the Court will also deny it on that basis.

Notably, at Plaintiff's request[1] the Court modified the Discovery and Scheduling on August 26, 2025, and extended the deadline for the completion of all discovery, including motions to compel, to October 3, 2025. (Doc. 30 at 3.) The Court also warned Plaintiff that he would no longer benefit from the prison mailbox rule upon his release from custody. (*Id*. at 2.) Because Plaintiff was released from custody prior to filing his motion to compel (*see* Doc. 31), the motion filed October 6, 2025, is also untimely.

### III.    CONCLUSION AND ORDER

Accordingly, it is ORDERED that Plaintiff's motion to compel discovery, (Doc. 32), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    **November 21, 2025**             /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Significantly, in his August 22, 2025, motion, Plaintiff recognized the requirement discussed above—that a moving party must provide copies of the requests and responses at issue. (*See* Doc. 29 at 1 [referring to need "to get all hard copies of interrogatory responses to the court" & "having to use 40+ stamps to send 200+ page responses/exhibits" & "once free plaintiff will immediately copy all"].)

2