UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAUWALDER,<br>Plaintiff,<br>v.<br>J. ATHERTON, et al.,<br>Defendants. | Case No.: 1:24-cv-00523-JLT-EGC<br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO RENEW MOTION TO COMPEL**<br>(Doc. 52) |

Plaintiff Daniel Dauwalder is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983. The action proceeds on Plaintiff's Eighth Amendment claims: excessive force against Defendants Atherton and Perez and deliberate indifference to serious medical needs against Defendants Davydov and Garmendia.

## I. RELEVANT BACKGROUND

The Court issued its Discovery and Scheduling Order on March 19, 2025. (Doc. 26.)

On August 26, 2025, the Court issued its Order Granting Plaintiff's Motion for Extension of Time Filed August 22, 2025. (Doc. 30.) Plaintiff's motion, construed as a motion to modify the scheduling order, was granted and the deadline for the completion of all discovery, including motions to compel, was extended to October 3, 2025. (*Id.* at 3.)

On September 22, 2025, Plaintiff filed a Notice of Change of Address, indicating he had been released from the California Correctional Institute and was residing in Elk Grove,

California. (Doc. 31.)

On October 6, 2025, Plaintiff filed a motion to compel (Doc. 32), and a document titled "Request for 2 Week [Extension] with Printout Docket of All Received Docs So Any Docs Still Needed to be Submitted Can Be" (Doc. 33).

On October 9, 2025, the Court issued its Order Denying Plaintiff's Motion for an Extension of Time and Order Denying Plaintiff's Request for a Copy of the Docket Sheet for this Action. (Doc. 34.)

On October 20, 2025, Defendants filed a merits-based motion for summary judgment (Doc. 35); Plaintiff opposed (Doc. 42) and Defendants replied (Doc. 47).

On November 21, 2025, the Court issued its Order Denying Motion to Compel Without Prejudice. (Doc. 43.)

On December 15, 2025, Plaintiff filed a document titled "Motion to Request 7 Day [Extension]/Leave to Amend/Resubmit Motion to Compel in Proper Format." (Doc. 48.)

On December 29, 2025, the Court issued its Order Denying Plaintiff's Motion for a 7-Day Extension of Time and Order Denying Plaintiff's Request for the Appointment of Counsel. (Doc. 49.)

On May 4, 2026, this action was reassigned to the undersigned following the retirement of Magistrate Judge Sheila K. Oberto. (Doc. 51.)

On July 7, 2026, Plaintiff filed "Plaintiff Motion for Leave to Renew Motion to Compel." (Doc. 52.) Defendants filed an opposition on July 22, 2026. (Doc. 53.)

## II. DISCUSSION

Briefly stated, Plaintiff seeks the Court's leave to renew his motion to compel that was previously denied as procedurally deficient. He generally asserts that the prior denial of his motion to compel was without prejudice and did not include a determination on the merits, he made good faith efforts to resolve the discovery dispute, the discovery is directly related to his claims, the interest of justice favors allowing a renewed motion, and the Court should exercise its discretion to permit the motion.

Defendants oppose, pointing out Plaintiff's motion "comes nine months after the close of

discovery, eight months after he opposed Defendants' summary judgment motion and the court's denial of his initial motion to compel, and seven months after briefing on this case closed," making the motion untimely. Further, Defendants argue compelling further discovery would be waste of the Court's resources and cause further and unnecessary delay regarding adjudication of the summary judgment motion. Notably too, Defendants assert Plaintiff has not identified what discovery responses were insufficient and that they have provided "all medical records used in the summary judgment motion, and instructed Plaintiff to schedule a time to meet with Defense counsel to review the video footage."

***Applicable Legal Standards***

The Court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06–CV–001196 JAM–EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery).

The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end, and the request should be denied. *Id*.

Courts consider the following factors when ruling on a motion to reopen discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM North American Corp*., 866 F.3d 1060, 1066 (9th Cir. 2017); *Coleman v. Spearman*, No. 2:19-cv-00369 AC, 2024 WL 3758805, at *2 (E.D. Cal. Aug. 12, 2024) (same).

***Analysis***

In the Court's prior order denying a similar request, it found as follows:

> ***Discovery is Closed***
>
> The deadline for the completion of all discovery, including the filing of motions to compel, was October 3, 2025. (*See* Doc. 30.) And the Court's November 21, 2025, Order denied Plaintiff's motion to compel on the basis it was procedurally deficient and untimely. Plaintiff was advised back on August 26, 2025, that once he was released from custody, he would no longer benefit from the prison mailbox rule (*id*. at 2 & fn. 1), meaning any motion to compel had to be filed with the Court no later than October 3, 2025. Stated another way, Plaintiff's motion to compel was untimely when it was filed with the Court on October 6, 2025, regardless of the fact Plaintiff's motion is dated October 2, 2025, because Plaintiff had been released from custody more than two weeks prior to that date. (*See* Doc. 31 ["As of 9.15.2025 Plaintiff was released from California Correctional Institute"].) Moreover, there is no deadline to extend by 7 days because the deadline expired October 3, 2025. Plaintiff was advised at the commencement of this litigation that "all deadlines are strictly enforced" and that "extensions must be filed before the deadline expires." (*See* Doc. 2 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 5/3/2024].) Here, the deadline for the filing of a motion to compel expired before Plaintiff filed his first motion to compel and the deadline has long since expired for any second motion. No further pre-trial motions, by any party, may be filed in this action. The deadline for the filing of dispositive motions expired on December 1, 2025. All that remains is the determination of Defendants' pending summary judgment motion. If that motion is granted, judgment will be entered for Defendants and this action will close. If Defendants' motion is denied, this action will be scheduled for a pretrial conference and trial before the assigned district judge.
>
> Lastly, the Court notes Plaintiff's statement that "timeframe-wise the Plaintiff counts days from the time/date doc correspondence is received." To the extent Plaintiff's statement is intended to excuse any late filing on Plaintiff's part, it is unpersuasive and certainly not binding on this Court. Numerous orders issued by the Court expressly state the relevant deadline begins from "the date of service of this order," not when Plaintiff receives the order. (*See, e.g*., Doc. 3 at 1; Doc. 7 at 13; Doc. 10 at 2; Doc. 22 at 2; Doc. 27 at 4.)

(Doc. 49 at 2-3.)

The Court construes the instant motion to seek the reopening of discovery. Applying the relevant test, first, trial is not imminent. This action has not been set for trial and Defendants' summary judgment motion is fully briefed and pending determination by the Court. As noted above, a trial will be scheduled if Defendants' summary judgment motion is denied. Second,

Defendants have opposed Plaintiff's request on the bases it is untimely, would be a waste of resources and cause unnecessary delay concerning the adjudication of their pending motion, and that Plaintiff has failed to identify the purported insufficiencies of their discovery responses. Moreover, Defendants assert they have produced Plaintiff's medical records and offered to arrange for Plaintiff to view the relevant videotaped footage, evidence relied upon in their summary judgment motion. Third, the opposition reveals Defendants would be prejudiced by the reopening of discovery. They filed a timely motion for summary judgment on October 20, 2025; again, it is fully briefed and remains pending the Court's determination. Reopening discovery to permit Plaintiff to file a motion to compel would delay adjudication of the motion and potentially affect the arguments asserted in the motion and/or the evidence relied upon therein. Fourth, despite Plaintiff's assertion to the contrary, the Court finds Plaintiff was not diligent in obtaining discovery in accordance with the scheduling order.

As noted previously, and above, Plaintiff's initial motion was untimely because he was no longer entitled to the prison mailbox rule following his release from custody. And Plaintiff was advised of the necessity of ensuring any filing were submitted and received by the Court before the expiration of any relevant deadline. Reopening discovery to permit Plaintiff to file a motion to compel, ten months after the deadline for the completion of discovery expired, would effectively excuse Plaintiff's lack of diligence. Fifth, the foreseeability of Plaintiff's need to compel further responses to discovery was known to him before the completion of discovery deadline expired. Nevertheless, Plaintiff failed to file a timely motion and failed to comply with the procedural requirements for such a motion. Lastly, the likelihood that the discovery Plaintiff seeks will lead to relevant evidence is not clear. While Plaintiff claims the discovery is relevant to his claims, neither his original motion to compel, his motion filed December 15, 2025, nor the instant motion allow for such a determination. The motion is vague and conclusory, and, as Defendants accurately point out, fails to identify the alleged deficiencies of Defendants' responses.

For these reasons, the relevant factors weigh against reopening discovery and Plaintiff's motion will be denied. *City of Pomona*, 866 F.3d at 1066; *Johnson*, 975 F.2d at 609; *Coleman*, 2024 WL 3758805, at *2; *see also Vargas v. California Department of Corrections and*

*Rehabilitation*, No. 1:20-cv-00083-JLT-CDB (PC), 2026 WL 1662641, at *2 (E.D. Cal. June 9, 2026) (noting pending summary judgment motion and denying construed motion to reopen discovery); *Odom v. Taylor*, No. 1:20-cv-01120-KES-CDB (PC), 2024 WL 4591833, at *3 (E.D. Cal. Oct. 28, 2024) (noting pending summary judgment motion and finding *Pomona* factors weighed against reopening discovery).

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's motion for leave to file a renewed motion to compel (Doc. 52) is **DENIED**.

Discovery remains closed. The undersigned will issue Findings and Recommendations regarding Defendants' pending summary judgment motion in due course.

IT IS SO ORDERED.

Dated: **August 24, 2026**

UNITED STATES MAGISTRATE JUDGE